**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
                                                                         :
**SUM CHAN,**                                                            :
                                                                         :  Case No. 19-cv-7239-RPK-JO
                      **Plaintiff,**                      :
                                                                         :
          v.                                                   :  **REPLY to COUNTERCLAIM**
                                                                         :  **of DEFENDANT QI WENG**
                                                                         :
**THE CITY OF NEW YORK, NEW YORK CITY**                                  :
**POLICE DEPARTMENT, QUEENS COUNTY**                                     :
**DISTRICT ATTORNEY'S OFFICE, POLICE**                                   :
**OFFICER RAFFAELE BARILE, POLICE**                                      :
**OFFICER STACY RAO & QI WENG,**                                         :
                                                                         :
                      **Defendants.**                     :
-------------------------------------------------------------------------X

      Plaintiff SUM CHAN (hereinafter "plaintiff"), by and through his attorney herein, Michael R. Curran, Esq., alleges the following in connection with the Counterclaim alleged by defendant Qi Weng ("defendant Weng"), and in response to defendant Weng's Answer:

**GENERAL OBJECTIONS OR CORRECTIONS IN REPLY TO ANSWER OF QI WENG**

1.     Plaintiff objects to the apparently frivolous tone of defendant Weng's Answer, as, for example, in answer to Paragraph 9 of the Complaint, defendant Weng denies upon information and belief New York City is a municipal corporation under State law.  There are numerous incidences of these kinds of denials in the Answer, to which plaintiff objects.

2.     Correcting allegations in Paragraph 41 of the Complaint, the references to "defendant Rao" in this Paragraph of the Complaint should be to "defendant Weng."  Defendant Rao is a police officer; defendant Weng is the alleged assailant.  This error is earmarked for correction.

3.     Paragraph 53 was omitted, as stated in defendant Weng's Answer.

4.     Paragraph 66 should read: "Plaintiff restates and realleges the allegations contained in Paragraphs

"1" to "65" above as if set forth more fully herein."

## REPLY TO COUNTERCLAIM OF QI WENG

5. In reply to Paragraph 1 of the Counterclaim of defendant Weng, plaintiff neither admits nor denies the statement contained therein, as it is not a statement of fact.

6. In reply to Paragraph 2 of the Counterclaim, plaintiff, who was roughly 70 years of age at the time alleged, denies the allegations.

7. In reply to Paragraph 3 of the Counterclaim, plaintiff denies the allegations.

8. In reply to Paragraph 4 of the Counterclaim, plaintiff denies the allegations.

9. In reply to Paragraph 5 of the Counterclaim, plaintiff denies the allegations.

10. In reply to Paragraph 6 of the Counterclaim, plaintiff denies the allegation.

11. In reply to Paragraph 7 of the Counterclaim, plaintiff denies the allegations.

12. In reply to paragraph 8 of the Counterclaim, plaintiff denies the allegation, insofar as this statement, which is part of the *ad damnum,* is capable of denial.

13. In reply to the *ad damnum* appearing after Paragraph 8 of the Counterclaim, plaintiff denies the allegations, insofar as the allegations are capable of being denied.

## AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM

Plaintiff, pursuant to Court Rules, alleges the following Affirmative Defenses in connection with the Counterclaim of defendant Qi Weng:

14. Plaintiff restates and realleges Paragraphs "1" through "13" above, as if set forth more fully herein.

15. The Counterclaim fails to state a claim upon which relief may be granted.

16. The Counterclaim alleges an intentional tort which is barred by the New York State statute of limitations of one year to bring actions on such claims. CPLR 215(3).

17. The Counterclaim is barred by the Doctrine of Unclean Hands.

18. The Counterclaim relies upon ambiguous and indefinite statements and does not provide an opportunity for response by the plaintiff to the claims therein.

19. The Counterclaim is barred by the theory of laches.

20. The Counterclaim admits facts in the Complaint, placing defendant Weng at the place, date and time of the incident, as alleged in the Complaint, substantiating plaintiff's allegations, leading to the intervention and involvement of the City of New York and defendants P.O. Barile and P.O. Rao.

Wherefore, plaintiff respectfully demands that defendant Weng's Counterclaim be denied and dismissed, and that the Court respectfully find defendant Weng liable for intentional tort and assault and battery perpetrated against plaintiff.

Dated:   June 14, 2020

*Michael R. Curran /s/*
Michael R. Curran
Attorney for Plaintiff

**Certification of Service**

Michael R. Curran, an attorney duly admitted to practice before the United States District Court for the Eastern District of New York, respectfully certifies that, on June 14, 2020, he served counsel for the City of New York and Qi Weng with the within Reply to Counterclaim via the ECF system as follows: (1)   Law Offices of Xuejie Wong, PLLC, 136-20 38th Avenue, Suite 9I, Flushing, New York 11354, xwonglaw@gmail.com; (2) Law Department of the City of New York, 100 Church Street, New York 10007, kweall@law.nyc.gov.

*Michael R. Curran /s/*
Michael R. Curran