UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

SUM CHAN,

                          Plaintiff,

        -against-

THE CITY OF NEW YORK  et al.,

                          Defendants.

------------------------------------------------------- x

**ANSWER**

19-CV-07239 (RPK) (JO)

**Jury Trial Demanded**

        Defendants the City of New York, and Police Officers Raffaele Barile and Stacey Byrnes s/h/a Stacy Rao, as and for their Answer to the Complaint, dated December 26, 2019 (the "Complaint"), respectfully:

        1.      Deny the allegations in paragraph "1" of the Complaint, except admit that plaintiff has commenced an action and seeks certain relief as stated therein.

        2.      Deny the allegations in paragraph "2" of the Complaint, except admit that plaintiff has commenced an action and invokes the jurisdiction of the Court as stated therein.

        3.      Deny the allegations in paragraph "3" of the Complaint, except admit that plaintiff invokes the supplemental jurisdiction of the Court as stated therein.

        4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the Complaint.

        5.      State that the allegation in paragraph "5" of the Complaint is a jury demand which does not require a response.

        6.      Deny the allegations in paragraph "6" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

7. Deny the allegations in paragraph "7" of the Complaint, except admit on information and belief that a Notice of Claim was filed on March 26, 2019; that it was assigned the number 2019PI008457; and that plaintiff appeared for a 50-H hearing on June 26, 2019.

## THE PARTIES

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Complaint.

9. Admit the allegations in paragraph "9" of the Complaint.

10. Deny the allegations in paragraph "10" of the Complaint, except admit that the City maintains a police department known as the New York City Police Department, and respectfully refer to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the NYPD.

11. Deny the allegations in paragraph "11" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph "11" of the Complaint.

12. Deny the allegations in paragraph "12" of the Complaint, except admit that on December 26, 2018, Barile was employed by the City as a police officer.

13. State that the allegations in paragraph "13" of the Complaint are legal conclusions to which no response is required.

14. State that the allegations in paragraph "14" of the Complaint are legal conclusions to which no response is required.

15. State that the allegations in paragraph "15" of the Complaint are not factual allegations that require a response.

16. Deny the allegations in paragraph "16" of the Complaint, except admit that, on December 26, 2018, Byrnes was employed by the City as a police officer.

17. State that the allegations in paragraph "17" of the Complaint are legal conclusions to which no response is required.

18. State that the allegations in paragraph "18" of the Complaint are legal conclusions to which no response is required.

19. State that the allegations in paragraph "19" of the Complaint are not factual allegations that require a response.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint.

21. Deny the allegations in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Complaint.

24. Deny the allegations in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Complaint.

26. State that the allegations in paragraph "26" of the Complaint are not factual allegations that require a response.

27. In response to the allegations in paragraph "27" of the Complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

- 4 -

28. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the Complaint.

29. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Complaint.

30. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the Complaint.

31. Deny knowledge and information sufficient to form a belief as to the truth of the information in paragraph "31" of the Complaint.

32. Deny knowledge and information sufficient to form a belief as to the truth of the information in paragraph "32" of the Complaint.

33. Deny knowledge and information sufficient to form a belief as to the truth of the information in paragraph "33" of the Complaint.

34. Deny knowledge and information sufficient to form a belief as to the truth of the information in paragraph "34" of the Complaint.

35. Deny knowledge and information sufficient to form a belief as to the truth of the information in paragraph "35" of the Complaint.

36. Deny knowledge and information sufficient to form a belief as to the truth of the information in paragraph "36" of the Complaint.

37. Deny knowledge and information sufficient to form a belief as to the truth of the information in paragraph "37" of the Complaint.

38. Deny the allegations in paragraph "38" of the Complaint, except admit that two of the responding officers were Barile and Byrnes.

39. Deny the allegations in paragraph "39" of the Complaint.

- 5 -

40. Deny the allegations in paragraph "40" of the Complaint.

41. Deny the allegations in paragraph "41" of the Complaint.

42. Deny the allegations in paragraph "42" of the Complaint, except admit that Byrnes searched plaintiff's pack.

43. Deny the allegations in paragraph "43" of the Complaint, except admit on information and belief that plaintiff was taken to an ambulance.

44. Deny the allegations in paragraph "44" of the Complaint, except admit on information and belief that plaintiff was taken to hospital by ambulance, and was taken to the 109th Precinct, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any diagnosis and treatment.

45. Deny the allegations in paragraph "45" of the Complaint, except admit on information and belief that plaintiff was taken from the 109th precinct to Queens Central Booking, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's arraignment.

46. Deny the allegations in paragraph "46" of the Complaint, except admit that plaintiff was arrested for third degree assault and menacing, respectfully refer to the criminal court complaint for a recitation of its contents, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the criminal charges.

47. Deny the allegations in paragraph "47" of the Complaint.

48. Deny the allegations in paragraph "48" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning plaintiff's prosecution.

49. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the Complaint.

50. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "50" of the Complaint.

51. Deny the allegations in paragraph "51" of the Complaint.

52. Deny the allegations in paragraph "52" of the Complaint.

53. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "54" [sic] of the Complaint.

54. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "55" of the Complaint.

55. In response to the allegations in paragraph "56" of the Complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

56. Deny the allegations in paragraph "57" of the Complaint.

57. Deny the allegations in paragraph "58" of the Complaint.

58. In response to the allegations in paragraph "59" of the Complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

59. Deny the allegations in paragraph "60" of the Complaint.

60. Deny the allegations in paragraph "61" of the Complaint.

61. In response to the allegations in paragraph "62" of the Complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

62. Deny the allegations in paragraph "63" of the Complaint.

63. Deny the allegations in paragraph "64" of the Complaint.

64. Deny the allegations in paragraph "65" of the Complaint.

65. In response to the allegations in paragraph "66" of the Complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

66. Deny the allegations in paragraph "67" of the Complaint, except state that any allegations regarding an affirmative duty are legal conclusions that do not require a response.

67. Deny the allegations in paragraph "68" of the Complaint.

68. In response to the allegations in paragraph "69" of the Complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

69. Deny the allegations in paragraph "70" of the Complaint.

70. Deny the allegations in paragraph "71" of the Complaint.

71. In response to the allegations in paragraph "72" of the Complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

72. Deny the allegations in paragraph "73" of the Complaint.

73. Deny the allegations in paragraph "74" of the Complaint.

74. Deny the allegations in paragraph "75" of the Complaint.

75. Deny the allegations in paragraph "76" of the Complaint.

76. In response to the allegations in paragraph "77" of the Complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

77. Deny the allegations in paragraph "78" of the Complaint.

78. Deny the allegations in paragraph "79" of the Complaint.

79. Deny the allegations in paragraph "80" of the Complaint.

80. Deny the allegations in paragraph "81" of the Complaint.

81. Deny the allegations in paragraph "82" of the Complaint.

82. Deny the allegations in paragraph "83" of the Complaint.

83. Deny the allegations in paragraph "84" of the Complaint.

84. Deny the allegations in paragraph "85" of the Complaint.

85. Deny the allegations in paragraph "86" of the Complaint.

86. Deny the allegations in paragraph "87" of the Complaint.

87. Deny the allegations in paragraph "88" of the Complaint.

88. Deny the allegations in paragraph "89" of the Complaint.

89. In response to the allegations in paragraph "90" of the Complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

90. Deny the allegations in paragraph "91" of the Complaint.

91. Deny the allegations in paragraph "92" of the Complaint.

92. Deny the allegations in paragraph "93" of the Complaint.

93. Deny the allegations in paragraph "94" of the Complaint.

94. Deny the allegations in paragraph "95" of the Complaint.

95. Deny the allegations in paragraph "96" of the Complaint.

96. In response to the allegations in paragraph "97" of the Complaint, defendant repeats the responses in the preceding paragraphs as if fully set forth herein.

97. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "98" of the Complaint.

98. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "99" of the Complaint.

99. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "100" of the Complaint.

100. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "101" of the Complaint.

101. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "102" of the Complaint.

102. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "103" of the Complaint.

103. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "104" of the Complaint.

104. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "105" of the Complaint.

105. Deny the allegations in paragraph "106" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE:

106. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

107. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

108. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, or that of a third party, and was not the proximate result of any act of the defendant.

## FOURTH AFFIRMATIVE DEFENSE:

109. Defendants Barile and Byrnes acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory

right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE:

110.  There was probable cause for plaintiff's arrest, because a complaining witness with injuries identified plaintiff as the person who had injured him.

### SIXTH AFFIRMATIVE DEFENSE:

111.  The individual defendants are immune from suit under state law for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

### SEVENTH AFFIRMATIVE DEFENSE:

112.  At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

### EIGHTH AFFIRMATIVE DEFENSE

113.  Punitive damages are not recoverable against the City or the individual defendants in their official capacities .

### NINTH AFFIRMATIVE DEFENSE

114.  Plaintiff failed to mitigate his alleged damages.

### TENTH AFFIRMATIVE DEFENSE

115.  Plaintiff provoked any incident.

### ELEVENTH AFFIRMATIVE DEFENSE

116.  To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's

failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

**WHEREFORE,** defendant The City of New York, Raffaele Barile and Stacey Byrnes request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 12, 2020

JAMES E. JOHNSON
Corporation Counsel of the
 City of New York
*Attorney for Defendants The City of New York,*
*Raffaele Barile and Stacey Byrnes*
100 Church Street
New York, New York 10007
(212) 356-5055

By: *Katherine J. Weall*
Katherine J. Weall
Senior Counsel
Special Federal Litigation Division

To: Michael R. Curran, Esq.
*Attorney for Plaintiff*
98-120 Queens Boulevard, Suite 1-C
Rego Park, New York 11374-4414

19-cv-07239 (RPK) (JO)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| SUM CHAN,<br><br>                                                                                            Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK et al.,<br><br>                                                                                           Defendants. |
| **ANSWER TO THE COMPLAINT BY DEFENDANTS CITY OF NEW YORK, BARILE AND BYRNES** |
| **JAMES E. JOHNSON**<br>Corporation Counsel of the City of New York<br>*Attorney for Defendants*<br>100 Church Street<br>New York, New York 10007<br><br>Of Counsel: Katherine J. Weall<br>Tel: (212) 356-5055 |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.* ............................................................, 2020<br><br>......................................................................................*Esq.*<br><br>*Attorney for* ................................................................... |