UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUM CHAN,

                    Plaintiff,

        *v.*

THE CITY OF NEW YORK, POLICE OFFICER
RAFFAELE BARILE, POLICE OFFICER STACEY
RAO a/k/a BYRNES, QI JU WENG, and SL NAIL SPA
INC.,

                    Defendants.

**REPORT &
RECOMMENDATION**
19-CV-7239-RPK-SJB

**BULSARA, United States Magistrate Judge:**

Plaintiff Sum Chan ("Chan") seeks leave to file a Second Amended Complaint,[1]
which contains new factual allegations, four new defendants, and a claim that qualified
immunity is not available to the police officer defendants.[2]  Defendants the City of New
York, Raffaele Barile ("Barile"), and Stacey Byrnes[3] ("Byrnes," and collectively, "the City
Defendants"), as well as defendant Qi Weng ("Weng"), oppose.[4]  Because the reasons
offered in opposition to the proposed amendment duplicate those raised in the City
Defendants' motion to dismiss, the Court respectfully recommends—with the exception
of the addition of the new qualified immunity claim—that leave to amend be granted.

---

[1] Notice of Mot. to Amend the First Am. Compl. dated Sept. 5, 2021 ("Notice of
Mot."), Dkt. No. 88.

[2] Proposed Second Am. Compl. dated Sept. 5, 2021 ("Proposed SAC"), attached as
Ex. to Decl. of Michael R. Curran dated Sept. 5, 2021, Dkt. No. 89; Letter dated Sept. 20,
2021 ("City Defs.' Opp'n"), Dkt. No. 93 at 1.

[3] Certain of Chan's filings refer to Byrnes by her maiden name Rao.  For the sake
of consistency, the Court uses the name Byrnes.

[4] Letter dated Sept. 20, 2021 ("Weng Opp'n"), Dkt. No. 94.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Chan originally commenced this action on December 26, 2019. (Am. Compl. dated Dec. 25, 2019, Dkt. No. 2).[5] Chan filed the Amended Complaint, the operative pleading, on January 6, 2021. (Am. Compl. dated Jan. 6, 2021 ("Am. Compl."), Dkt. No. 28). The Amended Complaint names the City Defendants; Weng; and SL Nail Spa Inc. ("SL Nail Spa") as defendants. (*Id.*). It states ten causes of action, the first eight of which are against the City Defendants and brought pursuant to 42 U.S.C. § 1983 unless noted: false arrest (Claim I) (*id.* ¶¶ 62–64); malicious prosecution (Claim II) (*id.* ¶¶ 65– 67); malicious abuse of process (Claim III) (*id.* ¶¶ 68–71); failure to intervene (Claim IV) (*id.* ¶¶ 72–74); conspiracy (Claim V) (Am. Compl. ¶¶ 75–77); violation of due process (Claim VI) (*id.* ¶¶ 78–82); municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (Claim VII) (*id.* ¶¶ 83–95); violation of the New York State Constitution, including Chan's rights under article 1, section 12 (Search and Seizure) and article 1, section 6 (Due Process) (Claim VIII) (*id.* ¶¶ 96–102); "intentional torts" (Claim IX) (alleged solely against Weng) (*id.* ¶¶ 103–113); and negligence and negligent hiring (Claim X) (alleged solely against SL Nail Spa) (*id.* ¶¶ 114–124). The Amended Complaint alleges that Chan and Weng entered into a physical and verbal altercation on December 26, 2018. (Am. Compl. ¶¶ 33–40). Both men had been driving in a Queens, New York parking lot around 9:30 A.M. (*Id.* ¶¶ 33–34). Chan was hoping to use one of several parking spaces that Weng's van was blocking. (*Id.* ¶¶ 34–35). Inside the van

---

[5] This version of the complaint was filed as a correction. (*See* Compl. dated Dec. 25, 2019, Dkt. No. 1).

were four women, all of whom were employees of corporate defendant SL Nail Spa, which Weng partially or fully owns.  (*Id.* ¶ 34).

Chan and Weng began arguing, prompting Weng to exit his van and pick up a "large piece of sewer grate . . . making as if he were going to hit" Chan with it.  (*Id.* ¶ 37). In response, Chan pulled cuticle scissors from his fanny pack and pointed them in the air.  (*Id.* ¶ 38).  The women exited the van and persuaded Weng to drop the object, which he did.  (Am. Compl. ¶ 39).  Chan, in turn, put the scissors back in his fanny pack. (*Id.*).  Weng then approached Chan and punched him in the throat, "causing red abrasions and bleeding."  (*Id.* ¶ 40).  Next, he kicked Chan in the leg, causing Chan to fall backwards and break his left wrist.  (*Id.*).  Weng then proceeded to kick Chan's car door, causing more than $900 in damage.  (*Id.*).  An eyewitness called the police.  (*Id.* ¶ 41).

Officers from the New York City Police Department ("NYPD") arrived 15 to 20 minutes later, finding an injured Chan "out of it."  (Am. Compl. ¶ 43).  NYPD personnel present were officers Barile, Byrnes, Tenzin Nyndak ("Nyndak"), Rebecca Stein ("Stein"), Brian Porzelt ("Porzelt"), Anthony Andino ("Andino"), Andrew Amorosa, Danny Tse, Robert Marciano, and Hunna Lipke.  (*Id.*).  Barile, Byrnes, Nyndak, Stein, and Porzelt wore body cameras.  (*Id.* ¶ 44).

Chan alleges he had trouble communicating with the officers because of the absence of a translator, and he was visibly injured.  (*Id.* ¶¶ 42, 45).  The officers then seized Chan's fanny pack and scissors.  (*Id.* ¶ 50).  Chan alleges that the officers conspired with Weng to effectuate Chan's arrest, (*id.* ¶ 49), and transported him to jail in shackles despite being injured.  (Am. Compl. ¶¶ 51–52).  He was charged with a

number of offenses, all of which were dismissed pursuant to CPL 30.30 on March 26, 2019.  (*Id.* ¶ 55).

On April 5, 2021, the City Defendants filed a motion to dismiss.  (Mem. in Support of Mot. to Dismiss dated Apr. 5, 2021 ("Mot. to Dismiss"), Dkt. No. 47 at 2, 25). Among other contentions, they argued that the false arrest and malicious prosecution claims should be dismissed because the officers had probable cause to arrest Weng, (*id.* at 5–9, 10–11); the conspiracy claim cannot be based on the officers' reliance on a victim's statement, (*id.* at 3–4); the due process and abuse of process claims are not plausibly pled, (*id.* at 12–15); this absence of any underlying constitutional violation makes any failure to intervene and *Monell* claim legally deficient, (*id.* at 15, 18–19); the officers are entitled to qualified immunity, (*id.* at 15–17); and any state constitutional claims are unavailable in light of alternative remedies like section 1983, (Mot. to Dismiss at 24–25).

Chan filed an opposition on June 3, 2021.  (Opp'n to Mot. to Dismiss dated June 3, 2021, Dkt. No. 76).  Following a conference, the Honorable Rachel P. Kovner issued an order permitting Chan to seek leave to file another amended complaint by August 9, 2021.  (Order dated Aug. 9, 2021).  Chan sought such leave on September 5, 2021.[6]

The Proposed SAC adds detailed facts obtained in discovery, primarily from body camera footage produced by the City Defendants.[7]  It provides a play-by-play of the

---

[6] Judge Kovner referred the present motion to the undersigned on Sept. 9, 2021. (Order dated Sept. 9, 2021).

[7] Footage from the body cameras was provided to Chan in discovery in December 2020, (Proposed SAC at 1, n.1), and is incorporated by reference in the Proposed SAC. (Mem. in Supp. for Mot. for Leave to Amend dated Sept. 7, 2021, Dkt. No. 91 at 1).

aftermath of the incident as seen from the body cameras, quoting the officers throughout. (Proposed SAC ¶¶ 73–81). To a far greater degree than the Amended Complaint, the additional allegations also name the specific actions each officer took following their arrival. (*E.g.*, *id.* ¶ 76 ("P.O. Marciano does two interesting things in [Byrnes's] videos: (a) he is seen turning off or turning on his body worn camera (no video was produced for this officer) and (b), when witness Pecora shows Marciano there are building cameras directly focused on where the alleged altercation occurred, Marciano turns his back on what he is shown.")). Moreover, factual allegations gleaned from the videos have been added to the allegations for several claims. (*E.g.*, *id.* ¶ 104 (alleging as part of the conspiracy claim "it was witness Pecora who states in the videos Weng both knocked plaintiff down and kicked him on the ground, but he said Weng also kicked plaintiff's car."); *id.* ¶ 140 (adding to the failure to intervene claim the detail that "[w]atching the videos, Lieutenant Andino sidelines Porzelt in favor of Barile, who he assigns to the arrests of plaintiff and Weng.")). The Proposed SAC also names several officers as new defendants, namely Nyndak, Stein, Porzelt, and Andino, and adds a "claim" that the City Defendants are not entitled to qualified immunity. (*Id.* ¶¶ 146–152).

Both the City Defendants and Weng filed opposition briefs on September 20, 2021. (City Defs.' Opp'n; Weng Opp'n). The City Defendants oppose the proposed amendment on the grounds that it is futile. As a result, they largely repeat the arguments made in their motion to dismiss. Weng's two-paragraph opposition joins the arguments made by the City Defendants, notes that new claims and allegations have not been added as to Weng, and reiterates arguments made in a premotion letter dated May

28, 2021, including that no supplemental jurisdiction exists over Weng. (*See* Letter dated May 28, 2021, Dkt. No. 72).[8]

Because the typical course in this situation—in order to further efficiency and save judicial resources—is to permit amendment and address futility arguments in the context of a fully briefed motion to dismiss, the Court respectfully recommends granting Chan's motion, except with respect to adding a claim related to qualified immunity.

<u>DISCUSSION</u>

Rule 15(a)(2) applies to Chan's motion because it is his second amendment. The Rule provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); 6 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1480 (3d ed. 2021) ("When this time period expires or the party already has amended the pleading, [amendment as of right] no longer applies and an amendment falls under Rule 15(a)(2), which requires leave of court or the written consent of the opposing party."); *CSX Transp., Inc. v. Emjay Envtl. Recycling, Ltd.*, No. 12-CV-1865, 2013 WL 12329546, at *2 (E.D.N.Y. Sept. 18, 2013).[9]

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

---

[8] SL Nail Spa has not appeared in the case.

[9] Rule 16 also bears upon whether the Court should grant leave to amend. It requires the Court to issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Judge Kovner's order permitted Weng to seek leave to amend, and he did so within a month of her order.

allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting prior version of Rule 15(a)(2)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam).

And a "motion to amend will be considered futile if the Court determines, 'as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 61 (E.D.N.Y. 2014) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)) (adopting report and recommendation); *see also, e.g.*, *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 257–60 (2d Cir. 2002) (reversing the district court's order granting plaintiff leave to amend complaint where his proposed new claim "[wa]s barred by substantive contract law"); *Chow v. Shorefront Operating LLC*, No. 19-CV-3541, 2021 WL 225933, at *3–5 (E.D.N.Y. Jan. 20, 2021) (denying leave to amend complaint to include two new named defendants where claims against those defendants were barred by the statute of limitations); *Van Allen v. N.Y.C. Sch. Constr. Auth.*, No. 17-CV-2176, 2020 WL 1275244, at *4–5 (E.D.N.Y. Mar. 17, 2020) (denying leave to amend complaint to include section 1983 retaliation claims where plaintiff did not "plausibly allege" individuals were "personally involved" in incidents).

I.     Additional Defendants and Factual Allegations

The Proposed SAC seeks to add four defendants and new factual allegations.  The validity of each category of amendment is addressed below.

A.   Additional Defendants

"While motions for leave to amend are generally governed by Rule 15, motions for leave to amend to add parties are governed by Rule 21."  *New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, No. 20-CV-2327, 2021 WL 930616, at *1 (S.D.N.Y. Mar. 11, 2021).  Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  In applying Rule 21, courts use the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *New Oriental Enter.*, 2021 WL 930616, at *1 (quoting *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008)).  "Courts have consistently recognized that if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts, leave to amend is appropriate."  *Villafane on behalf of D.F. v. City of New York*, No. 19-CV-1379, 2021 WL 2450612, at *2 (E.D.N.Y. June 15, 2021) (quoting *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J.*, No. 15-CV-3526, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016)).

Furthermore, "[w]here the proposed amended complaint requires leave of court, 'the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave.'"  *New Oriental Enter.*, 2021 WL 930616, at *2 (quoting *Rheaume v. Pallito*, No. 15-CV-135, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015)); *Cotto v. Fed. Nat'l Mortg. Ass'n*, No. 20-CV-6487, 2021 WL 4340668, at *4–5 (S.D.N.Y. Sept. 22,

2021) (same); *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20-CV-10699, 2021 WL 2075586, at *2 (S.D.N.Y. May 24, 2021) ("The Court elects to grant Plaintiff leave to amend and to deny the pending motion to dismiss as moot.  As noted, this is the preferred course where the amended complaint requires leave of court."); *Michael Miller Fabrics, LLC v. Studio Imports Ltd., Inc.*, No. 12-CV-3858, 2012 WL 4513546, at *2 (S.D.N.Y. Oct. 1, 2012) (granting plaintiff's motion to amend the complaint and denying pending motions to dismiss as moot).

The City Defendants' opposition to the motion to amend rests entirely on futility grounds.  (City Defs.' Opp'n at 2).  That is, it argues that probable cause vitiates any false arrest and malicious prosecution claim.  (*Id.* at 1 ("Because there was probable cause for plaintiff's arrest and prosecution . . . for the same reasons set forth in defendants' Rule 12 motion, the proposed SAC would be futile[.]")).  And it repeats, in summary fashion, the arguments made in the previously filed motion to dismiss.  (*See id.* at 2–5; Mot. to Dismiss at 3–25).

With respect to the addition of the four new defendants, the City Defendants contend essentially that the analysis is no different than with respect to the operative complaint: "Adding additional officers would not make a difference to the analysis already before the Court." (*Id.* at 2).  They contend that because the Amended Complaint already names the arresting officer as a defendant, the new officers would also be entitled to dismissal on the same grounds.  In other words, the arresting officer either had probable cause or is entitled to qualified immunity, and because the new defendants relied on the arresting officer, they would be protected by those same defenses.  (*E.g.*, *id.* at 3 ("[T]o the extent plaintiff seeks to name additional officers in

the SAC, the law is clear that officers are entitled to rely on the information given to them by their fellow officers[.]").

There is some merit to the City Defendants' contentions, but that must be balanced against the preference to permit amendment. "Granting leave to amend is consistent with the liberal standard of Rules 15 and 21, and with the Second Circuit's 'strong preference for resolving disputes on the merits.'" *E.g.*, *Patterson v. Morgan Stanley*, No. 16-CV-6568, 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). Furthermore, the City Defendants have not articulated any prejudice arising from the addition of the new defendants and have not established that any delay from permitting amendment, followed by motion practice, would be "undue." "Delay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010).

Furthermore, the analysis of the claims raised against the current and the new defendants is not well suited to resolution on a motion to amend. Because of the more searching briefing, defenses of probable cause and qualified immunity, spread among the different roles among the different defendants, are more readily addressed on a motion to dismiss. Thus, while "it is well established that leave to amend a complaint need not be granted when amendment would be futile," *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003), "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Env't Sols. Assocs. Grp.*, 2021 WL 2075586, at *2 (quoting *Chubb INA Holdings Inc. v. Chang*, No. 16-2354, 2016 WL 6841075, at *6 (D. N.J. Nov. 21, 2016)).

The Court, therefore, grants leave to add the four additional defendants.  *E.g.*, *Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co.*, No. 20-CV-7397, 2021 WL 5647790, at *1 (S.D.N.Y. Nov. 30, 2021) ("Defendants identify no prejudice they would suffer from having to rebrief the motion to dismiss currently before the Court.  It is more prudent, more efficient, and fairer to consider a motion to dismiss on the basis of all of the facts alleged in an amended complaint rather than to consider first the original complaint and then (assuming the Court were to agree with Defendants that that complaint should be dismissed) whether Plaintiff should be granted leave to file an amended complaint.").

B.  Additional Factual Allegations

The forgoing analysis also disposes of the validity of adding new factual allegations.  The City Defendants basically contend that the additional factual material would not change the dismissal analysis, but describe no prejudice from the addition of new factual contentions.[10]  (City Defs.' Opp'n at 2).  In the absence of any prejudice or undue delay, leave to amend to add these additional factual allegations is granted.

---

[10] Moreover, were the Court to deny the motion to amend and grant the Motion to Dismiss in Defendants' favor, the end result may not differ much from the outcome here.  "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."  *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).  In this posture, Chan may simply be able to re-file the claims in the Amended Complaint against the four individual defendants he seeks to add here, precipitating a new round of motion to dismiss practice.  That may not be permissible for the independent reason that Chan has already amended once.  But in any event, permitting amendment now likely forecloses the ability to amend again.  (Separately, given that discovery is closed, the more prudent and efficient course may be to forgo motion to dismiss practice and for all parties to proceed to summary judgment).

II.     The No Qualified Immunity "Claim"

The Court turns to Chan's new "claim" that the City Defendants cannot avail themselves of qualified immunity.  (Proposed SAC ¶¶ 146–152).  A claim that the City Defendants lack qualified immunity is not cognizable.  Qualified immunity is a defense—a cause of action for "no qualified immunity" does not exist.  *See Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 369 (2009) ("The individuals (hereinafter petitioners) moved for summary judgment, raising a *defense* of qualified immunity.") (emphasis added); *Harlow v. Fitzgerald*, 457 U.S. 807 (1982) ("the recognition of a qualified immunity *defense* for high executives reflect[s] an attempt to balance competing values") (emphasis added).  The Court recommends denying the motion to amend as it pertains to adding this claim.

CONCLUSION

For the reasons stated above, it is respectfully recommended that the motion to amend be granted in part.  Any objections to the Report and Recommendation above must be filed with the Clerk of Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.") (quotations omitted).

SO ORDERED.

/s/ *Sanket J. Bulsara*   12/29/2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York